**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **LEKEDRIEON RUSSELL, # 37488,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 17-cv-601-JPG** |
| | ) | |
| **JEFFERSON COUNTY,** | ) | |
| **and JEFFERSON COUNTY JAIL,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# <u>MEMORANDUM AND ORDER</u>

**GILBERT, District Judge:**

This matter is before the Court to address Plaintiff's First Amended Complaint (Doc. 11), submitted to the Court on August 31, 2017, and filed on September 6, 2017. (Doc. 11-1, p. 6). Plaintiff filed this First Amended Complaint well beyond the Court's deadline, and after the entry of judgment in this case. It shall therefore not be considered at this time.

On July 12, 2017, this Court dismissed the original Complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted, and ordered Plaintiff to file an amended complaint no later than August 9, 2017, if he wished to pursue his deliberate indifference claim in Count 1. (Doc. 8). The order warned Plaintiff that this case would be dismissed with prejudice if he failed to timely submit an amended complaint. He was further advised that such a dismissal would count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff did not submit an amended complaint by the August 9 deadline, nor did he file a motion seeking additional time. On August 24, 2017, the Court dismissed this action with prejudice, assessed a strike, and entered judgment. (Docs. 9, 10). The dismissal order notified Plaintiff that if he wished to appeal, his notice of appeal must be filed within 30 days of the entry

of judgment.  That 30-day deadline falls on September 25, 2017.[1]  Plaintiff was also advised that he could file a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure within 28 days.  (Doc. 9).  This 28-day deadline falls on September 21, 2017.

Plaintiff has not filed a notice of appeal or a Rule 59(e) motion.  Instead, he submitted his First Amended Complaint after his case was already closed, and more than 3 weeks past his deadline.  It is evident that Plaintiff received the order dismissing his case, because he refers to this case having been dismissed on August 24, 2017, and states: "I want to proceed a [sic] appeal my lawsuit."  (Doc. 11-1, p. 3).  On another page, he writes "A motion for leave to appeal in forma pauperis to proceed [sic]."  (Doc. 11, p. 5).

A plaintiff may only be permitted to amend his complaint after entry of judgment if the judgment has first been vacated or set aside pursuant to either Federal Rule of Civil Procedure 59(e) or 60(b), and the case has been reopened.  *See Sparrow v. Heller*, 116 F.3d 204, 205 (7th Cir. 1997).  *See also Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) (district court lacks jurisdiction to consider a motion for leave to amend the complaint unless the plaintiff also moves for relief from the judgment).  Failure to seek vacation of the judgment is grounds for denying a request for post-judgment amendment.  *Sparrow*, 116 F.3d at 205 (citing *Diersen v. Chicago Car Exchange*, 110 F.3d 481, 488 n. 6 (7th Cir. 1997)).

Here, Plaintiff has not filed a Rule 59(e) motion to set aside the judgment, nor has he filed a motion seeking leave to amend.  A court may construe a post-judgment request to amend the complaint as a motion to vacate the dismissal, but is not obligated to do so.  *See Chaudhry v. Nucor Steel Indiana*, 546 F.3d 832, 839 (7th Cir. 2008); *Camp v. Gregory*, 67 F.3d 1286, 1290 (7th Cir. 1995).  This Court is reluctant to construe Plaintiff's submission as a motion to vacate

---

[1] Because the 30th day falls on a Saturday, the last day for Plaintiff to file his notice of appeal is Monday, September 25, 2017.  *See* FED. R. CIV. P. 6(a)(1).

the judgment, however, because Plaintiff indicates within the document that he wishes to appeal the dismissal of his case. Alternatively, the Court might construe the document as a notice of appeal, but without more clarity as to Plaintiff's intention, the Court is reluctant to take that step, as it would result in Plaintiff incurring an appellate filing fee as well as expose him to the assessment of another strike. *See Smith v. Barry*, 502 U.S. 244, 248 (1992) (document may be accepted as a notice of appeal if it is a "functional equivalent"); *see also Smith v. Grams*, 565 F.3d 1037, 1041-42 (7th Cir. 2009).

Plaintiff still has time to choose either course of action now open to him, if he acts promptly. He may either: (1) file a Rule 59(e) motion to vacate the judgment so that he may seek to amend his complaint, which motion must be filed no later than September 21, 2017; or (2) file a notice of appeal, no later than September 25, 2017. (See Doc. 9). If he does not take one of these 2 steps within the applicable time limits, the judgment in this case will become final.

**IT IS THEREFORE ORDERED** that the First Amended Complaint (Doc. 11) shall not be considered at this time, because it was submitted after entry of the judgment in this case, and to date, Plaintiff has not filed a motion seeking to vacate the judgment.

**IT IS SO ORDERED.**

**DATED: September 8, 2017**

*s/J. Phil Gilbert*
United States District Judge